IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONNIE NOLAN,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JIM SALMONSEN; WARDEN GREEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | **Cause No. CV 23-18-H-BMM**<br><br>**ORDER** |

Before the Court is a motion for reconsideration filed by Petitioner Donnie Nolan ("Nolan"). (Doc 25.) On January 25, 2023, this Court entered an order denying and dismissing Nolan's petition. (Doc. 21.) It was first determined that the Montana Supreme Court reasonably denied Nolan's Due Process claim, accordingly, this Court was required to afford deference under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (*Id*. at 5-10.) It was further found that Nolan's Confrontation Clause claim was procedurally defaulted and lacked merit. (*Id*. at 10-11.) A certificate of appealability was denied. (*Id*. at 11-12.) On February 12, 2024, Nolan filed a Notice of Appeal. (Doc. 23.) On

1

February 20, 2024, Nolan filed the instant motion for reconsideration.

Nolan does not provide a legal basis for his motion. A motion for reconsideration or relief from judgment, however, may appropriately be brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). *Taylor v. Knapp*, 871 F. 2d 803, 805 (9th Cir. 1989). Rule 59(e) provides a mechanism by which a trial judge may alter, amend, or vacate a judgment. *See Foman v. Davis*, 371 U.S. 178 (1962). Rule 60(b) provides relief from final judgment based on a mistake, newly discovered evidence, fraud, a void judgment, a discharged judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

In general, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F. 3d 1163, 1166 (9th Cir. 2001). This rule is not absolute. The filing of one of the motions referenced in Federal Rule of Appellate Procedure 4 renders a notice of appeal ineffective pending disposition of such motion. *See* Fed. R. App P. 4(a)(4)(A). This is true even if the motion is filed after the notice of appeal. *Tripati v. Henman*, 845 F. 2d 205, 205 (9th Cir. 1988). A Rule 59 motion to alter or amend the judgment and a Rule 60 motion are included within the motions that render the notice of appeal ineffective. Fed. R. App P. 4(a)(4)(A)(iv), (vi). A Rule 60(b) motion renders a notice of appeal ineffective "if the motion is filed no later than 28 days after the judgment is entered." Fed. R. App. P.

4(a)(A)(vi).  Nolan's motion was filed within 28 days after entry of the Court's order. Thus, the filing is timely whether construed as a Rule 59(e) motion or a Rule 60(b) motion.

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (quotation omitted).  A motion for reconsideration should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F. 3d 1041, 1046 (9th Cir. 2003).

Nolan restates his argument that his right to due process was violated when state law was not followed during his revocation proceedings. (Doc. 25 at 1-3.) Nolan disagrees with the Montana Supreme Court's resolution of his due process claim and, presumably this Court's deference to the decision. (*Id*. at 3-5.)  Nolan then reiterates his Confrontation Clause claim. (*Id*. at 6-7.)  In short, Nolan assets the Montana Incentives and Intervention Guide (MIIG) should have been applied throughout his state proceedings and it violated his rights when it was not. (*Id*. at 8.)  In support of his motion, Nolan provides the Court with 30 pages of exhibits,

consisting of various state court materials, most of which were previously provided to the Court. *See* (Doc. 25-1.)

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. (citation and quotation marks omitted). A litigant may not use Rule 59(e) "to relitigate old matters or to raise arguments . . . that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008). Rule 60(b) provides relief from final judgment based on a mistake, newly discovered evidence, fraud, a void judgment, a discharged judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

Here Nolan presents no evidence of mistake, newly discovered evidence, or other grounds to support reconsideration of the Court's prior Order. Rather he seeks to rehash arguments he previously presented to the Court. Neither Rule 59 nor Rule 60 provides a vehicle permitting unsuccessful claims to be considered anew. Nolan has not demonstrated that he is entitled to reconsideration, nor has he set forth facts or law of a strongly convincing nature to compel reversal. *See Decker Coal Co. V. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988).

The motion will be denied because Nolan repeats arguments already made and has not provided one of the permissible grounds to support his reconsideration

request relative to his confrontation clause and/or due process claims. *See Maraziti v. Thorpe*, 52 F. 3d 252, 255 (9th Cir. 1995) (holding that a Rule 60(b) motion was properly denied because the plaintiff merely reiterated the arguments he already presented). Nolan does not present any newly discovered or previously unavailable evidence, nor does he supply new facts. Nolan does not justify his request for reconsideration by pointing to an intervening change in controlling law. Finally, he has failed to demonstrate that the Court committed clear error in its prior ruling. Or, put another way, Nolan has not caused this Court to engage in a "substantive change of mind" regarding its prior order. *See McDowell*, 197 F. 3d at 1255. Accordingly, Nolan has failed to meet the high standard for the Court to alter, amend, or reconsider its prior Order. Nolan's motion will be denied.

This Court previously denied Nolan a Certificate of Appealability ("COA"). (Doc. 21.) For the reasons set forth herein, the Court concludes that Nolan has failed to make a showing, let alone a substantial showing, of the denial of his constitutional rights. Accordingly, to the extent that Nolan seeks one, the Court will not entertain a renewed request for a COA.

## ORDER

Accordingly, **IT IS HEREBY ORDERED**:

1. Nolan's Motion for Reconsideration (Doc. 25) is **DENIED**.

2. To the extent one is sought, a request for a Certificate of Appealability is DENIED.

DATED this 13th day of March, 2024.

_____
Brian Morris, Chief District Judge
United States District Court